# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MATEO JIMENEZ, JR.**                                           **PLAINTIFF**

V.                      **NO. 4:24-cv-01126-BRW-ERE**

**W.C. DUB BRASSELL DET. CENTER**                      **DEFENDANT**

## ORDER

### I.  Overview

On December 23, 2204, *pro se* plaintiff Mateo Jimenez, Jr., a pre-trial detainee at the W.C. "Dub" Brassell Adult Detention Center ("Detention Center"), filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Jimenez's complaint alleges that Detention Center staff have failed to provide him adequate medical treatment for injuries that he sustained after falling in the Detention Center in August 2024. Mr. Jimenez names the Detention Center as the only Defendant and sues the Detention Center in both its individual and official capacity seeking monetary damages.

As currently stated, Mr. Jimenez's complaint fails to state a plausible constitutional claim for relief. However, rather than screen the complaint and recommend dismissal, the Court will postpone the screening process to give Mr.

Jimenez the opportunity to file an amended complaint clarifying his constitutional claims and correcting the deficiencies (or problems) in his current complaint.[1]

## II. Complaint Deficiencies

### A. Personal Involvement

Mr. Jiminez's complaint fails to identify and name as a Defendant those individuals who personally violated his constitutional rights. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." See *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007).

### B. Detention Center

Mr. Jiminez names the Detention Center as the only Defendant. However, detention centers and county jails are not entities that can be sued in a civil rights case brought under 42 U.S.C. § 1983. *Day v. Minnehaha County*, 632 Fed. Appx. 305 (8th Cir. 2016) (per curiam) (citing *Owens v. Scott County Jail*, 328 F.3d 1026, 1026 (8th Cir. 2003) ("county jails are not legal entities amendable to suit")). Accordingly, Mr. Jimenez cannot proceed on his claims against the Detention

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Center. Instead, he must identify the individuals who allegedly violated his constitutional rights.

### III. Guidelines for Filing Amended Complaint

Mr. Jimenez has thirty days to file an amended complaint. If Mr. Jimenez files an amended complaint, he should: (1) specifically identify each individual who was deliberately indifferent to his medical needs; (2) explain how each named Defendant was aware of his need for medical treatment and failed to provide him that treatment; and (3) described how he was harmed or injured as a result of each Defendant's alleged unconstitutional conduct.

Mr. Jimenez's amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Jimenez should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit. Also, Mr. Jimenez should not rely upon, or incorporate by reference, any allegations made in his original complaint. In other words, Mr. Jiminez's amended complaint, if filed, will stand alone.

Finally, in his amended complaint, Mr. Jimenez need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this early stage,

there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

## IV.    Conclusion

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1. Mr. Jimenez may file an amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Jimenez fails to file an amended complaint, the Court will screen the original complaint, which is likely to result in the dismissal of Mr. Jimenez's claims.

3. The Clerk is instructed to provide Mr. Jimenez a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

SO ORDERED 27 December 2024.

_____
UNITED STATES MAGISTRATE JUDGE